# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

CHEMDESIGN PRODUCTS INCORPORATED,

    Plaintiff,

v.                                                           Case No. 10-C-759

AFID THERAPEUTICS, INC.,

    Defendant.

**ORDER**

        On September 2, 2010, Plaintiff ChemDesign Products, Incorporated ("ChemDesign"), filed this action for breach of contract against AFID Therapeutics, Incorporated ("AFID") seeking judgment in the amount of $699,818.21. The docket reflects that AFID was served on September 9, 2010 by personal service upon its authorized agent. No Answer or responsive pleading has been filed with the Court. On October 13, 2010, ChemDesign filed a motion for entry of default and for a default judgment for the amount stated in the complaint. In its brief in support of its motion, ChemDesign noted that it had received a letter from AFID's president, Dr. Rawle Hollingsworth, on September 30, 2010. The letter, a copy of which is attached to the brief, sets forth a defense to the action. Because the letter does not constitute a valid pleading, was not filed by an attorney, and was not docketed with the Court, ChemDesign notes that it is entitled to both entry of default and default judgment in the amount requested.

        ChemDesign is correct that the letter does not constitute a proper pleading or response to the Complaint within the meaning of the rules governing civil procedure in federal court. Fed. R.

Civ. P. Rule 8(b)(1) requires a party responding to a pleading to "state in short and plain terms its defenses to each claim asserted against it" and also "admit or deny the allegations against it by the opposing party." Dr. Hollingsworth's letter does neither.

Furthermore, AFID is a corporate entity and therefore must be represented by an attorney. *See Muzikowski v. Paramount Pictures, Corp.*, 322 F.3d 918, 924 (7th Cir. 2003) ("Musikowski cannot represent the NWLL because he is not a lawyer. Nor can the NWLL, a non-profit corporation, represent itself pro se.") For this reason also, Dr. Hollingsworth's letter cannot stand as a pleading.

Finally, the letter was never received by the Clerk of Court and has not been electronically filed with the Court. Thus, as the record now stands, there is no answer or other responsive pleading in response to ChemDesign's Complaint.

Despite these defects, I conclude that entry of default judgment at this time would be premature. Fed. R. Civ. P. 55(a) states that "when a party against whom a judgment for affirmative relief is sought has failed to plead *or otherwise defend*, and that failure is shown by affidavit or otherwise, the clerk must enter the parties' default." Here, it appears that AFID has attempted to "otherwise defend". Its letter sets forth a defense and explains why AFID does not believe it is liable on the claim ChemDesign has asserted against it. Moreover, while the Court has not received a copy of the letter, the copy plaintiff has attached to its motion indicates that a copy was sent to the Court. Given that the Court's address has recently changed, delivery of the copy to the Court may have been delayed.

In any event, under the circumstances and given the significance of the suit, the Court concludes that an entry of default at this time would be premature. Accordingly, AFID will be

allowed 20 days from today's date in which to file an appropriate answer.  AFID is now on notice that it must be represented by an attorney and that its answer or other response to the complaint must comply with the Federal Rules of Civil Procedure.  Accordingly, in the event AFID fails to file a proper response in accordance with those rules, the defendant's motions will be granted.

**SO ORDERED** this   20th   day of October, 2010.

                                             s/ William C. Griesbach
                                            William C. Griesbach
                                            United States District Judge